# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5263 | **DATE** | 12/12/2002 |
| **CASE TITLE** | Emily Wynne vs. Louis Stevenson, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 1/23/2003 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Stevenson and Berman's motion to dismiss count II of the complaint is denied. LINA's and RSI's motion to dismiss count II of the complaint are granted without prejudice. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | DEC 13 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 34 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 DEC 12 PM 1:36 | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
DEC 1 3 2002

| | |
|---|---|
| EMILY WYNNE, | ) |
| Plaintiff, | ) |
| v. | ) NO: 02 C 5263 |
| LOUIS STEVENSON; ERIC M. BERMAN, P.C.; ERIC M. BERMAN; LIFE INSURANCE COMPANY OF NORTH AMERICA; CIGNA; and RSI, | ) Judge John W. Darrah |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Emily Wynne ("Wynne"), filed a multi-count complaint against Defendants, Louis Stevenson ("Stevenson"), Eric M. Berman, P.C. and Eric M. Berman (collectively "Berman"), Life Insurance Company of North America ("LINA"), CIGNA, and RSI. Presently pending before the Court are Stevenson and Berman's, LINA's, and RSI's Motions to Dismiss Count II of the complaint, which asserts a claim for defamation.

In considering a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of Wynne's complaint supports the following summary of the alleged conduct of the parties.

From March 5, 1989, through November 6, 2001, Wynne was employed by United Airlines ("United") as a flight attendant. In approximately March of 1998, Wynne became disabled and was unable to perform her job duties. Through United, Wynne was contractually entitled to long-term disability benefits with LINA and/or CIGNA. She received these benefits through August 2000.

In approximately October 2000, Wynne contested a debt allegedly owed to LINA, her long-term disability carrier, for overpayment of benefits. Nonetheless, she entered into an agreement with Ms. Dean Webley, apparently an agent of LINA, to repay the debt over time at a rate of $50.00 per month, beginning in January 2001.

On or about June 21, 2001, Wynne received a letter, written on the letterhead of Eric M. Berman, P.C., a foreign company engaged in the business of debt collection in Illinois. The letter, which was signed by Stevenson, alleged that Wynne owed LINA $12,772.95 for the overpayment of benefits. Berman and Stevenson denied that Wynne had ever entered into a repayment agreement with LINA, although a number of her $50.00 payments had already been accepted.

From late June 2001 through August 2001, Stevenson called Wynne almost daily and harassed her about the alleged debt. Allegedly, Stevenson "was extremely nasty" and made such remarks as, "You don't know how angry United is—things will get really ugly for you if you do not pay back the money," and, "We will get the money back no matter what." Stevenson also spoke to Wynne's six-year-old daughter on the phone to ask about Wynne's activities.

Wynne repeatedly told Stevenson not to call her and to instead take whatever legal action he deemed necessary. Stevenson continued to call. Stevenson also frequently told Wynne that he was an attorney, although he is not an attorney licensed to practice in Illinois.

Stevenson's comment that United was angry with her gave Wynne the impression that Berman and/or Stevenson had communicated with United concerning the debt and her alleged refusal to pay. Wynne claims to have subsequently learned that "someone had sent an e-mail to United regarding the disputed debt" but adds that she "does not know the contents of that e-mail or who created and then disseminated it to United Airlines." She claims, "Upon information and belief, it was an agent and/or employee of Berman, Stevenson, [LINA], Cigna, or RSI." Wynne further states that Stevenson contacted United concerning her debt, including her alleged refusal to pay the debt, without mentioning that the debt was disputed, and told United that she lacks "truthfulness and honesty". Wynne also claims that RSI contacted United about the debt without mentioning that the debt was disputed. Wynne states also that "persons yet to be identified," who are believed to be an agent and/or employee of one of the defendants, made "false and malicious" statements to United regarding both the disputed debt and Wynne's "alleged lack of truthfulness and honesty".

Defendants Stevenson, Berman, LINA, and RSI argue that Wynne's defamation claim should be dismissed for failure to plead the alleged defamatory statement(s) with the requisite specificity.

Because rules to the sufficiency of pleadings are procedural rather than substantive, this Court looks to the federal rules of pleading to determine whether the

3

complaint has been properly pleaded. *Vantassell-Matin v. Nelson*, 741 F. Supp. 698, 707 (N.D. Ill. 1990) (*Nelson*). The federal rules contain an in "haec verba" pleading rule that requires defamation claims to set forth the alleged defamatory words published or spoken by the defendant. *Nelson*, 741 F. Supp. at 707. The purpose of this requirement is to provide defendants with general knowledge of the exact language alleged, to allow them to form a responsive pleading. However, verbatim quotes are generally not required. *Nelson* at 707-708. Because exact details may be unavailable, plaintiffs may be given an opportunity to complete discovery before providing the exact language. *Chisholm v. Foothill Capital Corp.*, 940 F. Supp. 1273, 1285 (N.D. Ill. 1996) (*Chisholm*).

Wynne alleges that Stevenson, as an agent and/or employee of Berman, contacted United regarding her debt, told United that she refused to pay her debt, and did not tell United that her debt was disputed. Wynne does not provide the exact language used; but, without the benefit of discovery, she has no means of knowing the exact language. Her allegation is still specific enough for Stevenson and Berman to understand the specific nature of the claim being made against them and to file a responsive pleading accordingly. Wynne's complaint against Stevenson and Berman, therefore, meets the requirements for defamation pleading.

Accordingly, Berman and Stevenson's Motion to Dismiss Count II is denied.

Wynne alleges that Defendants, LINA and RSI, made "false and malicious statements" to someone at United regarding the debt and Wynne's alleged lack of "truthfulness and honesty" generally. While it is not necessary to state precisely which defendant made a defamatory statement, or precisely to whom, without the benefit of discovery, a plaintiff must nonetheless state her allegation with sufficient specificity,

such that the defendants can form a responsive pleading. *See Pelech v. Klaff-Joss LP*, 828 F. Supp. 525, 534 (N.D. Ill. 1993). Wynne's complaint does not inform LINA or RSI of what in their alleged statements was defamatory. They are told only that it was something "false and malicious," related to the debt and Wynne's alleged lack of honesty. Wynne points to no specific factual allegation made by the Defendants that she claims is false.

The claims made in the cases Wynne relies upon in her response to Defendants' Motions to Dismiss are unlike the claims against LINA and RSI because, in each of the cases cited, the plaintiff was able to point to specific factual allegations made by the defendants in their alleged defamatory statements. *See Chisolm*, 940 F. Supp. at 1285 (alleged defamatory statement claimed that plaintiff was "double dealing" between two companies); *Pelech v. Klaff-Joss, LP*, 828 F. Supp. 525 (N.D. Ill. 1993) (alleged defamatory statement claimed that plaintiff stole a co-worker's calculator, sold illicit drugs, and conducted an affair with a married co-worker.)

Because Wynne can point to no specific factual allegations in the alleged defamatory statements made by LINA and RSI, their Motions to Dismiss Count II are granted.

Defendants also argue that Count II should be dismissed because Wynne fails to plead facts in support of her claim of special damages.

If an alleged defamatory statement is actionable *per se*, a plaintiff need not meet any special pleading requirement; if the alleged statement is actionable *per quod*, the plaintiff must plead special damages. *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d

5

918, 933 (N.D. Ill. 2000). Under Fed. R. Civ. P. 9(g), "items of special damages [must] be specifically stated."

Illinois courts recognize four categories of statements that are considered defamatory *per se*: (1) words that impute the commission of a crime; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or a want of integrity in the discharge of duties of office or employment; or (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession or business." *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 10 (1992).

The alleged defamatory statements made against Wynne do not fall into any of these four categories. Thus, the Court must turn to the question of whether Wynne successfully alleges defamation *per quod*.

A plaintiff alleging defamation *per quod* must set forth extrinsic facts showing actual damage and pecuniary loss resulting from the defamatory statement. *Dornhecker*, 99 F.Supp.2d at 933. Plaintiff need not provide a specific figure of pecuniary loss at the pleading stage but must allege a pecuniary loss that could be reduced to a dollar amount and proven. *See Action Repair, Inc. v. American Broadcasting Cos.*, 776 F.2d 143, 150 (7th Cir. 1985); *Saenz v. Playboy Enterprises, Inc.*, 653 F. Supp. 552, 557 (N.D. Ill. 1987).

Wynne claims that Defendants' alleged defamatory statements caused her "great physical and mental harm, including emotional distress, damage to Plaintiff's name and reputation, loss of employment, and loss of status in her community". She alleges no

918, 933 (N.D. Ill. 2000). Under Fed. R. Civ. P. 9(g), "items of special damages [must] be specifically stated."

Illinois courts recognize four categories of statements that are considered defamatory *per se*: (1) words that impute the commission of a crime; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or a want of integrity in the discharge of duties of office or employment; or (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession or business." *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 10 (1992).

The alleged defamatory statements made against Wynne do not fall into any of these four categories. Thus, the Court must turn to the question of whether Wynne successfully alleges defamation *per quod*.

A plaintiff alleging defamation *per quod* must set forth extrinsic facts showing actual damage and pecuniary loss resulting from the defamatory statement. *Dornhecker*, 99 F.Supp.2d at 933. Plaintiff need not provide a specific figure of pecuniary loss at the pleading stage but must allege a pecuniary loss that could be reduced to a dollar amount and proven. *See Action Repair, Inc. v. American Broadcasting Cos.*, 776 F.2d 143, 150 (7th Cir. 1985); *Saenz v. Playboy Enterprises, Inc.*, 653 F. Supp. 552, 557 (N.D. Ill. 1987).

Wynne claims that Defendants' alleged defamatory statements caused her "great physical and mental harm, including emotional distress, damage to Plaintiff's name and reputation, loss of employment, and loss of status in her community". She alleges no

918, 933 (N.D. Ill. 2000). Under Fed. R. Civ. P. 9(g), "items of special damages [must] be specifically stated."

Illinois courts recognize four categories of statements that are considered defamatory *per se*: (1) words that impute the commission of a crime; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or a want of integrity in the discharge of duties of office or employment; or (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession or business." *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 10 (1992).

The alleged defamatory statements made against Wynne do not fall into any of these four categories. Thus, the Court must turn to the question of whether Wynne successfully alleges defamation *per quod*.

A plaintiff alleging defamation *per quod* must set forth extrinsic facts showing actual damage and pecuniary loss resulting from the defamatory statement. *Dornhecker*, 99 F.Supp.2d at 933. Plaintiff need not provide a specific figure of pecuniary loss at the pleading stage but must allege a pecuniary loss that could be reduced to a dollar amount and proven. *See Action Repair, Inc. v. American Broadcasting Cos.*, 776 F.2d 143, 150 (7th Cir. 1985); *Saenz v. Playboy Enterprises, Inc.*, 653 F. Supp. 552, 557 (N.D. Ill. 1987).

Wynne claims that Defendants' alleged defamatory statements caused her "great physical and mental harm, including emotional distress, damage to Plaintiff's name and reputation, loss of employment, and loss of status in her community". She alleges no

specific facts in support of her claims for damages except that United "terminated [her] employment on the basis of the intentional and malicious dissemination, by each of the Defendants, of false information." Thus, the only claim for special damages that is sufficiently pled is her claim for damages based upon her loss of employment because it is the only one supported by an extrinsic factual allegation (*i.e.*, that the information about her debt resulted in her loss of employment). Her other special damage claims are mere conclusory statements, unsupported by any specific facts, and dismissal of such claims is appropriate. *See, e.g., Grzelak v. Calumet Publishing Co.*, 543 F.2d 579, 583 (7th Cir. 1975) (allegations that plaintiff was "injured in her reputation and good standing in the community" and "suffered and continues to suffer severe mental and emotional pain and agony" without additional facts are insufficient).

Next, Defendants argue that the alleged defamatory statements are not actionable because they are, in part, substantially true and, in part, opinion.

"Substantial truth" is a defense to a defamation action. *Wynne v. Loyola Univ. of Chicago*, 318 Ill. App. 3d 443, 451 (1st Dist. 2000). While substantial truth is usually a question of fact for the jury, it is a question of law where no reasonable jury could find that substantial truth had not been established. *Hollymatic Corp. v. Daniels Food Equipment Inc.*, 39 F. Supp. 2d 1115, 1118 (N.D. Ill. 1999).

Defendants argue that Wynne fails to state a claim upon which relief can be granted because the alleged defamatory statements are, in part, substantially true, as established by Wynne's own allegations, because they relate to a debt, the existence of which, Defendants argue, Wynne concedes in her complaint. However, the defamatory nature of the alleged statement by Stevenson does not relate only to the existence of the

7

debt but rather to Wynne's alleged refusal to pay the debt – the truth of which Wynne clearly does not concede.

Accordingly, Stevenson and Berman's Motion to Dismiss on this ground is denied.

Because Wynne does not allege any defamatory statements made by the other defendants with sufficient specificity, it is impossible to address the question of these statements' substantial truth.

Last, the Defendants assert that Wynne's complaint should be dismissed because the alleged defamatory statements are, in part, opinion. The question of whether a statement is fact or mere opinion is a question of law. To determine whether a statement is fact or opinion, a court should look at the totality of the circumstances and whether the statement is objectively verifiable as true or false. *Piersall v. SportsVision of Chicago*, 230 Ill. App. 3d 503, 510 (1st Dist. 1992). Here it is argued that the defendants' alleged statement that Wynne is not truthful or honest is a mere opinion. However, Stevenson's alleged statement was given in the context of Wynne's alleged refusal to pay her debt. Because, in a motion to dismiss, all inferences reasonably drawn from the factual allegations must be construed in the light most favorable to the plaintiff, it must be inferred that Stevenson's alleged statement about Wynne's alleged lack of truthfulness and honesty was made in the specific context of her alleged refusal to pay her debt. The truth or falseness of the claim of dishonesty related to Wynne's debt and her willingness to pay it is likely to be objectively verifiable. Accordingly, Stevenson and Berman's Motion to Dismiss on this ground is denied.

For the foregoing reasons, Stevenson and Berman's Motion to Dismiss Count II

of the complaint is denied. LINA's and RSI's Motions to Dismiss Count II of the complaint are granted without prejudice.

Dated: December 12, 2002

JOHN W. DARRAH
United States District Judge